IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-351-BO

| | |
|---|---|
| ETHEL MARIE JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18 & 22]. A hearing on this matter was held in Raleigh, North Carolina on January 31, 2014 at 2:00 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On January 11, 2005, the plaintiff applied for Title II and Title XVI disability benefits. These claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on October 18, 2006. On February 21, 2007, the presiding ALJ issued an unfavorable decision. On February 27, 2008 the Appeals Council vacated the decision and remanded with instructions as to evaluation of mental impairments, obtaining evidence, developing a proper Residual Functional Capacity ("RFC"), and using a vocational expert ("VE"). The ALJ held a second hearing and issue a second unfavorable decision on July 30, 2009 which was again vacated and remanded by the Appeals Council on August 19, 2011.

On January 31, 2012, a second ALJ held a video hearing and issued a denial on March 5, 2012. The Appeals Council denied review of that decision on November 8, 2012, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Jenkins struggled in high school. She was in the "Special Aide Slow Learner" class. [Tr. 347]. She took the North Carolina Competency Test five times, passing the mathematics portion on the third try, and the reading portion on the fifth try. [Tr. 600]. She was helped on the reading portion by her principal's wife. [Tr. 354].

On September 6, 2005, Ms. Jenkins scored a Full Scale I.Q. of 69 using the Wecshler Adult Intelligence Scale ("WAIS"). [Tr. 681–84]. On May 2, 2008, she scored a Full Scale I.Q. of 58 with Mr. Edwards using the third edition of WAIS. [Tr. 688–89]. It was the opinion of Dr. Edwards that Ms. Jenkins met the diagnosis of Mild Mental Retardation. [*Id.*]. On September 9, 2011, Dr. Campbell concluded that plaintiff was cognitively impaired. [Tr. 691–95]. On November 28, 2011, Ms. Jenkins scored a Full Scale I.Q. of 61 using the fourth edition of WAIS with Dr. Petty and Mr. Edwards who diagnosed her with Mild Mental Retardation. [Tr. 597–99].

Plaintiff also suffers from several emotional disorders. She has suffered from depression since 1996, she thinks she sees dead people, she hears voices, and she has attempted suicide on multiple occasions. [Tr. 667]. Other Doctors confirm that she has both visual and auditory hallucinations and conversations with people who do not exist. [Tr. 653]. At the hearing, she testified that she still hears voices and is frightened by them. [Tr. 843–44]. She has been diagnosed with schizophrenia, PTSD, OCD, and depressive disorder. [Tr. 716].

2

Ms. Jenkins also suffers from physical impairments including ganglion cyst of the left foot, obesity, left shoulder bursitis – impingement status post arthroscopy, cervical spondylosis, and left knee degenerative joint disease. [Tr. 22].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work

despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by not finding that plaintiff met the requirements for mental retardation under Section 12.05 of the Social Security Administration's Listing of Impairments. Listing 12.05C of the Commissioner's Listing of Impairments provides in relevant part that:

> Mental Retardation refers to a significantly sub-average general intellect functioning with deficits in adaptive functioning initially manifested during the developmental period (before age 22) . . . the required level of severity for this disorder is met when [there is] . . . C. a valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function.

20 C.F.R. Part 404 Subpart P, App. 1, 12.05C. The defendant acknowledges the validity of the Wechsler Adult Intelligence Scale in her listing which states "[t]he I.Q. scores in 12.05 reflect values from tests of general intelligence that have a mean of 100 and a standard deviation of 15; e.g., the Wechsler Series." 20 CFR Part 404, Subpart P, App. 1, 12.00D 6C.

In assessing a Listing under 12.05C, the first question is whether the claimant suffers from mild mental retardation. "[I]n the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant." *Luckey v. U.S. Dep't of Health and Human Servs.*, 890 F.2d 666, 668 (4th Cir. 1989). A present, valid I.Q. is to be considered indicative of earlier levels. *See Flowers v. U.S. Dept. of Health and Human Servs.*, 904 F.2d 211, 213 (4th Cir. 1990) (finding present I.Q. score of man with 8 year work history established compliance with first requirement of 12.05C). The Fourth Circuit presumes life-long mental retardation from current, valid I.Q. scores absent any evidence

4

of change in claimant's intellectual functioning. *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir. 1985). Here, claimant clearly has valid I.Q. scores that fall within the requirement for Listing 12.05C and there is no evidence in the record of a change in Ms. Jenkins's intellectual functioning. Accordingly, the Court holds that claimant meets the I.Q. prong of section 12.05C.

Listing 12.05C also requires that a claimant have a physical or other mental impairment which imposes significant and additional work related limitations of function, along with evidence of substantial deficits in adaptive functioning. *Kennedy v. Heckler*, 739 F.2d 168, 172 (4th Cir. 1984). A finding that a claimant suffers from a severe impairment, or combination of impairments, establishes the significant work related limitation of function required by 12.05C. *Luckey*, 890 F.2d at 669. Here the Commissioner found that claimant suffers from a severe combination of impairments which establishes the second prong of section 12.05C. *Id.* Further, the Commissioner found that Ms. Jenkins could not return to her past relevant work which also establishes the second prong of section 12.05C. *Id.*

The Commissioner's decision is not supported by substantial evidence. The record clearly shows that Ms. Jenkins meets the requirements of Listing 12.05C and is disabled. She has current I.Q. tests which demonstrate a full scale I.Q. of less than 70. The Commissioner found that she suffers from combination of severe physical ailments and cannot return to her past relevant work. Accordingly, Ms. Jenkins is disabled under Listing 12.05C. This Court reverses the decision of the Commissioner and awards benefits to Ms. Jenkins. Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This __ day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE