IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-351-BO

| | |
|---|---|
| ETHEL MARIE JENKINS,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>Defendant. | **ORDER** |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [DE 31]. For the reasons stated herein, counsel's motion is GRANTED.

## DISCUSSION

The Equal Access to Justice Act provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Here, the Acting Commissioner does not dispute that plaintiff was the prevailing part or contend that special circumstances exist or that the fee request was untimely, but does contend that the Commissioner's position in the underlying litigation was substantially justified. Review of the record and the arguments presented in this matter reveals this not to be the case. As noted in its decision in this matter, plaintiff's application had been remanded by the Appeals Council twice before the final unfavorable decision was issued and review was sought in this Court. Three experts found plaintiff to be mildly mentally retarded or cognitively impaired, and the record clearly demonstrated that plaintiff had the requisite deficits in adaptive functioning to meet the criteria for Listing 12.05(c). For these reasons, this Court exercised its authority to reverse and award benefits rather than send plaintiff back for a fourth hearing before an ALJ. The Court thus finds that the government's position in this matter was not substantially justified and that an award of fees under EAJA is appropriate.

Plaintiff has requested EAJA fees and costs in the amount of $9,125 for forty-eight hours and forty minutes of work, which the Acting Commissioner contends is unreasonable and excessive. "Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (citation omitted). "Ideally, the litigants will settle the amount of a fee," but "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* (internal quotation omitted). A court has great discretion to determine the fee award so long as the fee is reasonable. *Id.* at 254. In determining the amount of the

fee, a court may consider: (1) "[t]he extent of a plaintiff's success," *Id.*; (2) the novelty and complexity of the issues presented, *Bunn v. Bowen*, 637 F.Supp. 464, 469 (E.D.N.C. 1986); (3) the experience and skill of the attorney, *Id.*; and (4) the typical range of compensated hours in a particular field. *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989 *4 (E.D.N.C. Feb. 8, 2008).

Here, plaintiff was successful in that the Court reversed and awarded benefits, and plaintiff's counsel has demonstrated that he is an experienced attorney in the social security field. The Court has further reviewed the amount of time expended and the rates at which counsel has billed and finds them to be at bottom reasonable and that the amount of the award will not result in a windfall to counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983); *see also Quade ex rel. Quade v. Barnhart*, 570 F. Supp.2d 1164, 1167-1168 (D. Ariz. 2008) (noting that the "Court will not micromanage an attorney's approach to a case"); *Attia v. Astrue*, No. 1:06-cv-00778-SMS, 2008 WL 2620376 *3 (E.D.Ca. July 3, 2008) (fifty-one hours reasonable where brief was lengthy, administrative record was lengthy, and counsel was experienced).

## CONCLUSION

For these reasons, plaintiff's motion for attorney's fees under EAJA is GRANTED and plaintiff's counsel is awarded fees in the amount of $9,125.

SO ORDERED.

This the 6 day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3